**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-4513**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GILBERTO ESPINAL ESCAMILLA,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:19-cr-00506-FL-1)

───────────────

Submitted:  August 1, 2022                    Decided:  August 12, 2022

───────────────

Before AGEE and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gilberto Espinal Escamilla pleaded guilty, without a written plea agreement, to possessing with intent to distribute, and distributing, 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).  At sentencing, the district court denied Escamilla's request for safety valve relief under 18 U.S.C. § 3553(f) and U.S. Sentencing Guidelines Manual § 5C1.2 (2018), and sentenced Escamilla to the statutory minimum of 120 months' imprisonment.  On appeal, Escamilla contends that the district court erred in denying his request for safety valve relief.  For the following reasons, we affirm.

Application of the safety valve under § 3553(f) is a question of fact that we for clear error.  *United States v. Henry*, 673 F.3d 285, 292 (4th Cir. 2012).  "This standard of review permits reversal only if this court is left with the definite and firm conviction that a mistake has been committed."  *Id.* (internal quotation marks omitted).  In conducting such a review, "we afford the district court's credibility determinations great deference."  *Id.*

To be eligible for relief under the safety valve provision, a defendant must show, as is relevant here, that no later than the time of sentencing, the defendant truthfully provided the government with all evidence and information the defendant had concerning the offense or offenses comprising the same course of conduct or a common scheme or plan.  *Id.* at 292-93 (noting that the safety valve "requires broad disclosure from the defendant"); 18 U.S.C. § 3553(f)(5).  The burden of proof lies with the defendant to show that he has met each element under the safety valve provision.  *United States v. Aidoo*, 670 F.3d 600, 607 (4th Cir. 2012).

2

Escamilla acknowledges that he bore the burden of proving his eligibility for safety valve relief. He contends that he did so but that that the Government did not offer sufficient rebuttal evidence. After reviewing the record, we conclude that the district could did not clearly err in its finding that Escamilla was not forthcoming with the information he provided to the Government. The Government provided testimony that Escamilla had downplayed his role in the offense and denied his involvement with drug distributors. And we will not second-guess the district court's credibility determinations.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*